UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-CV-00114-R

**BARBIE KITTEL**                                                                                           **PLAINTIFF**

v.

**C-PLANT FEDERAL CREDIT UNION, et al.**                                         **DEFENDANTS**

## MEMORANDUM OPINION & ORDER

This matter comes before the Court upon Plaintiff's Motion to Disqualify David L. Hargrove as Counsel for the Defendant, C-Plant (DN 22). Defendant has responded (DN 25), and Plaintiff has replied (DN 29). Also before the Court is Defendant's Motion to Disqualify Edward K. Box as Counsel for the Plaintiff, Barbie Kittel (DN 26). Plaintiff has responded (DN 30). These matters are now ripe for adjudication. For the reasons that follow, Plaintiff's Motion is GRANTED and Defendant's Motion is DENIED.

## BACKGROUND

Plaintiff Barbie Kittel complains that she was wrongfully terminated by Defendant C-Plant Credit Union ("C-Plant"), a federally chartered credit union. Kittel was employed as a collections officer at C-Plant for approximately three years. When she was terminated on May 23, 2008, Mark Atwood, Paul Adams and David Hargrove were present. Kittel's account of the conversation on that day differs from the testimony of Atwood and Adams.

Kittel filed her Complaint on July 11, 2008, and C-Plant filed its Answer on September 6, 2008. The Answer was submitted by Charles S. Foster, Hargrove's parter at the law firm Hargove & Foster. After extensive discovery conducted by Foster, on November 24, 2009, Hargrove telephoned Kittel's counsel, Edward K. Box, and informed him that he was going to become actively involved in the case. Kittel contends that because of the conflicting testimony

and recollections of the May 23, 2008, termination conversation, Hargrove is a necessary witness and consequently must be disqualified from acting as C-Plant's counsel.

Prior to Kittel's termination, she was involved in an incident related to a separate lawsuit. In that matter, Box represented a company, Stonecreek Kennels, LLC, which was suing C-Plant. In that case, there was a "mole" at C-Plant providing information to outsiders. After a phone conversation with Kittel that lasted approximately fifteen minutes, Box suspected Kittel was the mole. He disclosed his suspicion to C-Plant. Subsequently, Box discovered the true identity of the mole and told C-Plant that Kittel was not the mole. After she was exonerated as the mole, Kittel claims that Atwood began pressuring her to file a harassment suit against Box and subjecting her to a hostile work environment. She believes she was terminated in part for not cooperating with Atwood. C-Plant asserts that the substance of the conversation between Box and Kittel in regards to the Stonecreek matter is critical to this case, and therefore seeks to disqualify Box because he is a necessary witness.

## ANALYSIS

As an initial matter, the Court must determine the standard which applies to the present motions. Both parties assume that the Kentucky Rules of Professional Conduct govern attorneys practicing in this Court. Unlike some federal courts, however, the United States District Court for the Western District of Kentucky has not expressly adopted any professional standards to govern the conduct of attorneys. Nevertheless, the Court will follow SCR 3.130(3.7) in evaluating whether the lawyers in this case should be disqualified. To apply for admission to the Bar of this Court an attorney must be admitted to practice before the Supreme Court of Kentucky and be in good standing with that Court. Local Rule 83.1(a). Additionally, an attorney seeking

permission to practice in a particular case in this Court must file a written consent to be subject to the jurisdiction and rules of the Kentucky Supreme Court governing professional conduct. Local Rule 83.2(a). Finally, if it appears to the Court that an attorney practicing before the Court has violated the rules of the Kentucky Supreme Court governing professional conduct, the Court may order an attorney to show cause why the Court should not discipline the attorney. Local Rule 83.3(c). The Court finds that these rules combined imply that the Kentucky Rules of Professional Conduct are the "persuasive authority, if not governing standards, for practice before this Court." *Carlsen v. Thomas*, 159 F.R.D. 661, 664 (E.D. Ky. 1994).

Kentucky Rules of Professional Conduct, SCR 3.130(3.7)(a), provides as follows:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case;
> or
> (3) disqualification of the lawyer would work substantial hardship on the client.

"[D]isqualification is a drastic measure which courts should be hesitant to impose except when absolutely necessary." *Zurich Ins. Co. v. Knotts*, 52 S.W.3d 555, 560 (Ky. 2001). The Supreme Court of Kentucky has also stated that "the showing of prejudice needed to disqualify opposing counsel must be more stringent than when the attorney is testifying on behalf of his own client, because adverse parties may attempt to call opposing lawyers as witnesses simply to disqualify them." *Id.*

**A.   Disqualification of Defendant's Counsel, David Hargrove**

Kittel states that one of the most important issues at trial will be whether C-Plant's proffered reason for terminating her was merely a pretext for firing her in retaliation for speaking

with National Credit Union Administration ("NCUA") examiner, Wayne Finch, and for questioning C-Plant's senior management.  C-Plant states that Kittel was terminated for rolling due dates for family members and for refusing to comply with credit reporting requirements. Atwood testified that the gist of the conversation on May 23 was that she was terminated for rolling a due date on her brother's account, and that Kittel was quiet during the conversation. Adams states that he recommended terminating Kittel for simply rolling due dates, and was unaware of the issue with her brother until Atwood brought it up at the termination meeting. Adams also does not recall Kittel's responses to the reasons she was being terminated.  Kittel states that at the meeting she contested the allegation that she improperly rolled a due date on her brother's account, and asked for proof to support Atwood's allegations.

Kittel argues that Hargrove is a necessary witness because he has personal knowledge of the reason why Kittel was terminated, and because he was one of four people in the room when she was terminated.  She states that Adams's account of the conversation somewhat conflicts with that of Atwood's testimony, and both of their testimonies conflict with her recollection.  In particular, neither Atwood or Adams could recall the details of Kittel's responses to the reasons stated for terminating her.  Kittel believes Hargrove will confirm her recollection of the conversation.  She argues that Hargrove's testimony is necessary for her to prove that she contested the proffered reason for her termination at the meeting, and to show that the proffered reason was nothing more than a pretext to punish her for speaking with the NCUA examiners and questioning C-Plant's senior management.

The Court finds that Hargrove is a necessary witness and that none of the exceptions listed in SCR 3.130(3.7)(a) apply to allow Hargrove to act as an advocate for C-Plant at trial.

4

What transpired at the May 23 termination meeting is relevant to Kittel's wrongful termination claim. The three other people in the room that day have differing recollections of the conversation that took place. Kittel should be able to depose Hargrove and learn what he recalls. Furthermore, disqualification of Hargrove will not work a hardship on C-Plant because Hargrove very recently became actively involved in the case, which has been supervised by his partner. The Court's ruling does not prevent Foster from acting as C-Plant's advocate at trial. SCR 3.130(3.7)(b).

### B.    Disqualification of Plaintiff's Counsel, Edward K. Box

C-Plant asserts that the substance of the fifteen minute conversation between Box and Kittel is critical its defense of Kittel's claim that she was discharged in retaliation for disclosing information about the Stonecreek case. C-Plant states that it is entitled to discover from both Kittel and Box concerning their recollections of that particular conversation and any other conversations which may have occurred concerning the matter. Kittel, however, does not claim that she was discharged in retaliation for disclosing information about the Stonecreek case. Her claim for retaliatory discharge is based on the NCUA, because she provided information to NCUA examiner Finch. She also contends that she was subjected to a hostile work environment after C-Plant knew she was not the mole.

The Court finds that the conversation between Kittel and Box is not relevant to this matter. The circumstances as to how or why Kittel was wrongfully identified as a mole in previous litigation between Stonecreek and C-Plant is not relevant to any issue in dispute in this case. Furthermore, C-Plant has known since January 2008 that Box identified Kittel as a possible mole in the Stonecreek litigation. C-Plant did not object to Box representing Kittel

when she filed this suit in July 2008. C-Plant only moved to disqualify Box after Kittel moved to disqualify Hargrove. Unlike Hargrove, Box has been actively involved in this case from the beginning. Even if he were likely to be a necessary witness, the Court finds that his disqualification would work a substantial hardship on Kittel. The deadline for dispositive motions is January 30, 2010, and trial is scheduled for April 26, 2010. Plaintiff would suffer substantial hardship in finding other counsel to substitute for Box at this late date.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Disqualify David L. Hargrove as Counsel for the Defendant, C-Plant (DN 22) is GRANTED and Defendant's Motion to Disqualify Edward K. Box as Counsel for the Plaintiff, Barbie Kittel (DN 26) is DENIED.