UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-CV-00114-R

BARBIE KITTEL                                                                                    PLAINTIFF

v.

C-PLANT FEDERAL CREDIT UNION, et al.                                          DEFENDANT

**OPINION AND ORDER**

This matter comes before the Court upon Plaintiff's Motion for Sanctions Against Defendant, C-Plant Federal Credit Union, for its Failure to Supplement its Response to Request for Production of Documents (DN 35). Defendant has responded (DN 38), and Plaintiff has replied (DN 39). For the reasons that follow, Plaintiffs Motion is GRANTED IN PART.

Plaintiff Barbie Kittel was terminated by Defendant C-Plant Federal Credit Union ("C-Plant") on May 23, 2008. At that time, Kittel states that Defendant Mark Atwood, the former CEO of C-Plant, informed her that she was being terminated because she had rolled a due date on a family member's loan account. Kittel believes that she was terminated primarily because she provided information to National Credit Union Administration ("NCUA") examiner, Wayne Finch. Kittel brought this action against C-Plant and Atwood on July 11, 2008.

In response to interrogatories, C-Plant confirmed that Kittel was terminated in part because of rolling due dates for a family member. On May 21, 2009, Kittel served her Second Set of Requests for production of documents on C-Plant, specifically requesting "each and every document contained in any loan file for C-Plant member, Steve Croft, who is the plaintiff's brother" and attaching a signed authorization by Croft authorizing Kittel's counsel to receive such records. On June 23, C-Plant responded to this request by stating that "Documents from the subject filed request will be provided upon proper proof of Mr. Croft's authorization. A

notarized signature is necessary for Defendant's Records."

Over four months later, on November 9, 2009, Plaintiff's counsel furnished the requested notarized authorization to C-Plant's counsel and formally requested C-Plant supplement its response to the original request for production of documents for Croft's loan file, due by December 9. Having not received the file, on December 10 Plaintiff's counsel emailed C-Plant's counsel inquiring whether the documents had been sent, and if they had not, when Plaintiff could expect to receive them. Having received no response, Plaintiff's counsel sent another email to C-Plant's counsel on January 9, 2010, asking for a delivery date of the file. On January 14, after a deposition attended by both counsel, Plaintiff's counsel inquired again about the production of the Croft records. C-Plant's counsel indicated that he would check and respond. A week later, on January 21, Plaintiff's counsel sent a letter requesting the records. The present motion was filed on February 2. Croft's loan file was produced to Plaintiff on February 3.

Federal Rule of Civil Procedure 37(c) provides as follows:

> (1) If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> 
>     (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; . . . and
> 
>     (C) may impose other appropriate sanctions . . . .

*See also* Sommer v. Davis, 317 F.3d 686, 692 (6th Cir. 2003). Here, C-Plant argues that sanctions should be denied because (1) Rule 37(c) is not applicable, (2) the delay was substantially justified and (3) the delay was harmless.

First, the Court finds that Rule 37(c) is applicable in this case. Rule 26(e) requires a

party to supplement disclosures in a timely manner if the party learns they are incomplete. Thus, C-Plant was required to supplement its response with Croft's loan file once the correct notarized authorization was provided. C-Plant's argument that "there was not an incomplete or incorrect response to supplement because C-Plant had not responded to plaintiff's request for the loan files of Steve Croft" is untenable. C-Plant cannot characterize its initial refusal to produce the file as a non-response so as to avoid the requirements of Rule 26(e).

Second, the delay was not substantially justified. C-Plant cites the dispute between counsel regarding disqualification as justification for not responding to Kittel's requests. The Court finds no reason why this dispute should have prevented C-Plant from producing the documents while the motions to disqualify were pending. C-Plant was still represented by counsel, and the dispute was unrelated to production of the file.

Third, without the remedy provided by the Court in this order, the delay would not be harmless. C-Plant argues the delay was harmless because the file does not contain information addressing why the due date was rolled or whether Kittel was given authorization to roll the due date. Plaintiff needs the opportunity to review the 329 pages in the file to make that determination for herself. She states that the loan files are important in order to find out what actions had been taken on the loans, when, and by whom, because evidence shows that the decision to terminate her was made prior to discovering the rolled due date on Croft's loan. Plaintiff asserts that she was prejudiced by the delay in production because (1) the delay prevented her from determining whether or not to depose individuals identified in the loan files to see if they had information relevant to her claims, and (2) the delay shortened the time to consider the Croft file as it relates to pre-trial filings.

3

The Court notes that the majority of the delay occurred between June and November 2009, when C-Plant responded to the initial request stating a notarized authorization was required to produce the file and when that authorization was provided. Even if C-Plant had produced the file by December 9 as requested by Plaintiff, the November 30 discovery deadline would have already run. Therefore, Plaintiff cannot place the blame of not being able to depose individuals identified in the loan file on C-Plant. Plaintiff should, however, be given a reasonable amount of time to review the file in consideration of the delay. Consequently, if needed the Court will favorably entertain a motion from the Plaintiff to extend deadlines set forth in the August 28, 2009 Scheduling Order (DN 18). Also, in light of C-Plant's unjustified delay, the Court will favorably entertain a motion from the Plaintiff for reasonable costs and attorney's fees to prepare the present Motion and reply. These sanctions will remedy any harm caused by the delay in production of Croft's file, making it unnecessary to take the more drastic action requested by Plaintiff.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs Motion (DN 35) is GRANTED IN PART. Plaintiff may file a motion for extension of time and a motion for costs and attorney's fees.